UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHELLE A. TURNER,

    Plaintiff,

v.

JPMORGAN CHASE, N.A.,

    Defendant.

Civil Action No. TDC-14-0576

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss the Amended Complaint filed by Defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase"). The issue before the Court is whether the Amended Complaint filed by Plaintiff Michelle A. Turner ("Turner") sufficiently states a claim entitling her to relief. Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary. *See* Local Rule 105.6 (D. Md. 2014). For the following reasons, the Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

In this removal case, Turner, who is proceeding *pro se*, filed an Amended Complaint on December 29, 2014 in response to the Court's September 25, 2014 Memorandum Opinion and Order on JPMorgan Chase's Motion to Dismiss the original Complaint. On January 20, 2015, JPMorgan Chase filed its second Motion to Dismiss, arguing that the Court should dismiss the Amended Complaint, with prejudice, in its entirety. The basic facts are discussed in the Court's first Memorandum Opinion and will not be repeated here, but the Court will briefly summarize

the portions of Turner's original Complaint and her Amended Complaint that are relevant to the present Motion to Dismiss.

In the original Complaint, Turner alleged that she had attempted to make payments on her mortgage, but that JPMorgan Chase had returned her payments to her in breach of contract. Turner also alleged that representatives of JPMorgan Chase had repeatedly encouraged her to apply for a hardship forbearance and various loan modifications, but then repeatedly denied her applications, which the Court construed as a possible claim under the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101 *et seq.* (West 2014). Finally, Turner alleged that JPMorgan Chase unfairly reported derogatory information about her to credit reporting agencies, which the Court construed as a possible claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x (2012). In the Memorandum Opinion and Order granting in part and denying in part JPMorgan Chase's first Motion to Dismiss, the Court denied the motion on Turner's breach of contract claim, but granted the motion, without prejudice, as to claims under the MCPA and the FCRA and granted leave to amend those claims.

On December 29, 2014, Turner filed her Amended Complaint, which provided additional details, including dates of her conversations with JPMorgan Chase representatives and the names of some of those officials who allegedly encouraged Turner to submit various applications for hardship forbearance and loan modification. The Amended Complaint also contained new allegations that JPMorgan Chase denied Turner's loan modification application because they knew she was a recipient of public assistance, in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f, and that JPMorgan Chase's attorneys caused fraudulent charges to appear on the bank statements of Turner's daughter, Kashira Turner, a full-time graduate student.

## DISCUSSION

### I. Legal Standard

A court must deny a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim where the complaint alleges enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In assessing whether this standard has been met, the court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). Furthermore, while legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 678, "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).

### II. Breach of Contract

As discussed in the Court's earlier Memorandum Opinion, Turner sufficiently pleaded a claim for breach of contract in her initial Complaint by alleging that, in October 2010, she tried to make three mortgage payments to JPMorgan Chase that would have brought her mortgage

current, but that JPMorgan Chase returned her check to her instead of accepting the payment.[1] Despite the Court's earlier ruling that the claim was adequately pleaded, JPMorgan Chase again moves to dismiss Turner's breach of contract claim, this time on the new theory that the state court's resolution of the foreclosure action bars the claim under the doctrine of collateral estoppel (issue preclusion) because Turner failed to raise the breach of contract claim in the foreclosure proceeding.

Federal courts sitting in diversity apply the law of the state in which the court is located, including the forum state's law relating to collateral estoppel. *Q Intern. Courier, Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)). Under Maryland law, courts apply a four-part test to determine whether the doctrine of collateral estoppel applies:

1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?

2. Was there a final judgment on the merits?

3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

*Shader v. Hampton Imp. Ass'n, Inc.*, 115 A.3d 185, 193 (Md. 2015).

As an initial matter, JPMorgan Chase's collateral estoppel claim is denied under the law of the case doctrine. *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (holding that

---

[1] The Amended Complaint does not restate the allegations contained in the initial Complaint that relate to the breach of contract claim. Ordinarily, plaintiffs are required to restate in an amended complaint the allegations pertaining to all of the active claims remaining in the case. However, given Turner's status as a *pro se* litigant, the Court will not require Turner to file a second amended complaint to address this oversight, and instead incorporates the relevant portions of the original Complaint, specifically the first paragraph on the first page, into the Amended Complaint.

the law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case") (quoting *Christianson v. Cold Indus. Operating Corp.*, 486 U.S. 800, 815 (1988)). This Court already ruled on the viability of Turner's breach of contract claim in its September 25, 2014 Memorandum Opinion, and the Court accepts the Amended Complaint as making no changes to that cause of action *See supra* note 1. Although a party may seek reconsideration of an interlocutory ruling under Federal Rule of Civil Procedure 54(b), JPMorgan Chase has not done so here, nor would there be a basis to revisit the Court's earlier decision regarding Turner's breach of contract claim even if it had. Although JPMorgan may claim that it is only raising the collateral estoppel argument now because the Ratification Order in the foreclosure proceeding did not become final until November 15, 2014, this position is directly contradicted by JPMorgan Chase's earlier assertion, in its first Motion to Dismiss, that the Ratification Order was final as of May 21, 2014, an assertion that the Court relied upon in its September 25, 2014 ruling. *See* Reply First Mot. Dismiss at 4, ECF No. 28 ("[T]he ratification order became final and non-appealable on May 21, 2014."). In fact, in its first Motion to Dismiss, JPMorgan Chase raised a *res judicata* argument as to other claims in the original Complaint based on this final Ratification Order, *see* Reply First Mot. Dismiss at 4, but did not assert a collateral estoppel argument as to the breach of contract claim. Because JPMorgan Chase had the opportunity to make this argument prior to the Court's ruling on the first Motion to Dismiss but failed to do so, the Court declines to revisit its prior ruling. *See Aramony*, 166 F.3d at 661.

In any event, collateral estoppel would not preclude the breach of contract claim because the first element, which requires that the issue decided in the prior adjudication be identical to the present issue, is not satisfied. The issue of JPMorgan Chase's contractual liability to Turner

for allegedly returning her payments was not decided in the foreclosure proceeding. JPMorgan Chase's argument that the state court conclusively determined the "sole issue" in any breach of contract claim when it determined the amount that Turner owed on her mortgage, Mot. Dismiss at 18, is not persuasive. At issue in the breach of contract claim is whether JPMorgan is liable to Turner for failing to apply certain payments toward her mortgage. This is a separate issue from whether foreclosure was warranted. In an analogous case, after a bankruptcy court had considered the validity of a foreclosure and found it to be valid, a plaintiff brought a breach of contract claim against the bank for its inaccurate accounting of the fees owed on her mortgage before the foreclosure. *Broadnax v. Dep't of Veteran Affairs Wash. Mut. Bank*, No. Civ.A. 2:04CV693, 2005 WL 1185809, at *9 (E.D. Va. May 19, 2005). There, the court held that collateral estoppel did not preclude the plaintiff from bringing a claim for breach of contract, reasoning that, although "[t]he law is clear that the Court cannot render either the foreclosure invalid or any of Defendant's subsequent acts based on that valid foreclosure invalid, it is not clear that the Court could not otherwise find Defendant liable for the actions for which Plaintiff seeks compensation." *Id.* Likewise, the Court concludes that the issue of whether JPMorgan Chase is liable to Turner for breach of contract for returning mortgage payments to her has not been litigated in the foreclosure action. The Motion to Dismiss the breach of contract claim is therefore denied.

### III. Maryland Consumer Protection Act

As the Court noted in its first Memorandum Opinion, the MCPA prohibits "unfair or deceptive trade practices" in the "[t]he extension of consumer credit" or "[t]he collection of consumer debts." Md. Code Ann., Com. Law § 13-303(4)-(5). To state a claim under the MCPA, a plaintiff must adequately plead that (1) the defendant engaged in an unfair or deceptive

practice or misrepresentation, (2) the plaintiff relied upon the representation, and (3) doing so caused the plaintiff actual injury. *Currie v. Wells Fargo Bank*, 950 F. Supp. 2d 788, 796 (D. Md. 2013) (citation omitted). An "unfair or deceptive" trade practice includes "false . . . or misleading oral or written statement[s] . . . or other representations . . . [that have] the capacity, tendency, or effect of deceiving or misleading consumers." Md. Code Ann., Com. Law § 13-301(1). An MCPA claim involves fraud and is therefore subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013). Rule 9(b) requires a plaintiff to plead with particularity the circumstances of the fraud, including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999) (citations omitted).

In its earlier Memorandum Opinion, the Court dismissed any MCPA claim in the initial Complaint because, even accepting Turner's allegations as true and construing all facts and reasonable inferences in the light more favorable to Turner, they did not meet the heightened pleading standard for fraud. The Court found both that Turner had failed to identify with specificity deceptive or misleading statements made by JPMorgan Chase's agents, as required to meet the first element, and that she had failed to plead that any of the misrepresentations substantially induced detrimental reliance by Turner, as required to meet the second and third elements. The Court granted leave for Turner to amend her Complaint as to the MCPA claim, but cautioned Turner that she should only do so if she could validly allege additional facts that would establish that she was entitled to relief under the MCPA. In her Amended Complaint, Turner again chronicles her interactions with representatives of JPMorgan Chase in her attempts

to save her home. However, her revised pleadings still fail to allege sufficiently the second and third elements necessary for an MCPA claim.

The Amended Complaint does provide greater specificity sufficient to meet Rule 9(b)'s particularity requirement and to allege sufficient facts to support the first element of unfair or deceptive practices or misrepresentations. The Amended Complaint recounts a number of allegedly false or misleading affirmative representations by JPMorgan Chase officials, including:

(1) A telephone statement by an unnamed female representative in October 2010 that Turner was pre-qualified to submit an application for a hardship forbearance;

(2) A telephone statement by an unnamed representative in September 2011 that Turner did not have to sell her house if she did not want to and that she could reapply for the hardship forbearance;

(3) A statement by Steve Buckner in May 2012 in which he stated that her loan modification applications had everything needed to be approved for hardship forbearances; and

(4) A telephone statement by an unnamed representative in November 2013, after foreclosure proceedings were instituted, that Turner could still file a loan modification application, which might postpone or cancel the foreclosure sale date.

Turner further alleges that JPMorgan Chase sent her numerous application forms and encouraged her to apply for a loan modification, but denied her applications seven times. Given this pattern of encouraging statements only to be followed by rejection of her applications, Turner's allegations are sufficient to state a plausible claim that JPMorgan Chase never intended to approve her loan modification applications and thus engaged in deceptive practices or misrepresentations. *See Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 254-55 (D. Md. 2013) (finding that communications by lender regarding possible loan modifications could have the capacity to deceive or mislead customers as required to establish an MCPA claim).

8

Turner, however, fails to meet the second and third elements. In order to sufficiently state an MCPA claim, a plaintiff must allege that the defendant's misrepresentation caused detrimental reliance in that it substantially induced a choice by the plaintiff. *Currie*, 950 F. Supp. 2d at 796. In the Amended Complaint, however, Turner fails to do so. Although Turner states that the repeated encouragement to submit loan modification applications followed by rejections made her feel "confused, upset, and frustrated," gave her "a false sense of security" that she would get help to stay in her home, and gave her "a false state of comfort," Am. Compl. at 1-4, she at no point asserts how she relied on the alleged misrepresentations to her detriment, either by taking actions that she otherwise would not have taken, or by refraining from taking actions that she otherwise would have taken. For example, she does not allege that the misrepresentations caused her to fail to make payments, to defend the foreclosure action, or to pursue other sources of financing. In the absence of specific allegations showing that she made a choice to act, or not to act, as a result of the alleged misrepresentations, she has failed to state a plausible MCPA claim. *See Green*, 927 F. Supp. 2d at 254-55 (holding MCPA claim inadequately pleaded where plaintiffs alleged that bank's misrepresentations "*could* cause a reasonable consumer to . . . be [led] into a false state of comfort," but did not allege that the bank specifically directed plaintiffs to refrain from challenging their foreclosure proceedings and instead submit loan modification applications or that the bank's statements caused plaintiffs to forego certain actions or remedies that would have helped them save their home) (emphasis in original) (citations omitted)).

Having already provided Turner with an opportunity to amend the complaint to allege detrimental reliance, and having provided clear guidance on the deficiencies that needed to be corrected, the Court must conclude that Turner's failure to allege adequately the second and third

elements is based on a lack of facts to support them, and that any additional opportunities to amend would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (stating that courts should not give leave to amend a pleading under Federal Rule of Civil Procedure 15(a) where amendment would be futile). Thus, the MCPA claim is dismissed with prejudice for failure to state a claim.

### IV. Fair Credit Reporting Act

As the Court explained in its earlier Memorandum Opinion, the only FCRA claim available in a private suit is for breach of a duty to correct an erroneous report to a credit agency, where the defendant's duty is triggered only by a report from a consumer reporting agency. 15 U.S.C. §1681s-2(b)(1); *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 149 (4th Cir. 2008). Turner's Amended Complaint remains defective because she neither alleges that she filed a dispute with the credit reporting agency challenging the accuracy of her credit report, nor that JPMorgan Chase had notice of an erroneous report through that reporting agency. Therefore, Turner has failed to sufficiently plead a claim under the FCRA. The Court dismisses the FCRA claim with prejudice.

### V. New Claims

In her Amended Complaint, Turner alleges, for the first time, that JPMorgan Chase violated the Equal Credit Opportunity Act ("ECOA") by denying her loan modification applications. However, in its previous Memorandum Opinion and accompanying Order, the Court granted Turner leave to amend her Complaint as to her MCPA and FCRA claims only. The Court did not grant, and Turner did not seek, leave to amend the Complaint to include additional claims. Furthermore, in this case, it would be futile for the Court to excuse Turner's

failure to seek leave, because the Amended Complaint fails to state a claim under the ECOA.[2] Therefore, the Court dismisses the ECOA claim.

Turner also alleges, for the first time in her Amended Complaint, that she provided JPMorgan Chase and its attorneys with her adult daughter Kashira Turner's social security number, and that fraudulent charges began to appear on Kashira Turner's bank statements shortly thereafter. Turner neither specifies a cause of action on the basis of these facts, nor is one discernible on the face of the allegations. The Court also notes that Kashira Turner is not a party to this case. To the extent that Turner is attempting to bring a new claim on the basis of these allegations, Turner may not do so because the grant of leave to amend was limited to her MCPA and FCRA claims only. The Court therefore dismisses any claim arising from the alleged fraudulent charges on Kashira Turner's bank statements. Both new claims are dismissed without prejudice as to the rights of Turner and Kashira Turner to pursue such claims separately from the present action.

---

[2] ECOA prohibits any creditor from discriminating "against any applicant, with respect to any aspect of a credit transaction . . . because all or part of the applicant's income derives from any public assistance program." 15 U.S.C. § 1691(a)(2). Here, Turner's only allegation in support of the ECOA claim is: "I have indicated on every application I submitted, as well as my hardship letters that we receive food stamps, and I believe this may have been an underlying cause for me to have not been considered for modification options." Am. Compl. at 5 ¶ 3. Other than stating that she made JPMorgan Chase aware that she received public assistance, Turner alleges no facts from which the Court could infer that JPMorgan Chase denied her modifications because she received such assistance. Thus, her allegations are insufficient to state an ECOA claim.

## CONCLUSION

For the foregoing reasons, JPMorgan Chase's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to the MCPA, FCRA, and ECOA claims, as well as any claims related to the factual allegations regarding fraudulent charges on the bank statements of Kashira Turner. The Motion is DENIED as to the breach of contract claim. A separate Order follows.

Date: August 21, 2015

THEODORE D. CHUANG
United States District Judge